IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01360-BNB

MICKEY MANAWAY: Secured Party/Creditor, also known as MICKEY-MANAWAY,

Plaintiff,

v.

STATE OF COLORADO,

Defendant.


FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 22 2008

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, Mickey Manaway, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Kit Carson Correctional Center in Burlington, Colorado. He filed *pro se* documents titled "Writ of Assistance Petition For" (docket number 2) and "Re: Exparte/Order for Release" (docket number 3). As relief he asks for his release from custody. Mr. Manaway also filed documents titled "Request for Clarification of Order and to Amend Complaint to Document Title Exparte, on Summary Proceeding for Declaratory Judgment" (docket number 8), "Petition for Motion for Default Judgment Pursuant to Rule 55 C.R.C.P." (docket number 10), and "Notice to Leave to Amend Pleading on Caption of Proper Name and Challenge of Jurisdiction" (docket number 11), indicating that the proper spelling of his name is "Mickey-Manaway."

On June 27, 2008, the Court entered an order requiring Mr. Manaway to cure certain designated deficiencies. Mr. Manaway cured a deficiency by filing a properly completed Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Although he has not complied with the June 27, 2008, order by filing a complaint on the proper, Court-approved form, the Court, for the reasons stated below, will waive that requirement.

The Court must construe the submitted documents liberally because Mr. Manaway is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed for lack of subject matter jurisdiction.

While the documents submitted by Mr. Manaway are not the model of clarity, it appears that Mr. Manaway is attacking his state conviction in Mesa County, Colorado, District Court Case *People v. Manaway*, No. 06CR1539, in which he pleaded guilty to drug-related charges. On March 30, 2007, was sentenced to eleven years of incarceration and assessed $3,449.50. As relief he seeks his release from custody.

Mr. Manaway's request for his release from incarceration is not appropriate in this action. To the extent Mr. Manaway seeks his release from custody, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of

the writ is to secure release from illegal custody." *See id.* at 484. The Court will not consider the merits of any habeas corpus claims in this action because there is no indication that Mr. Manaway has exhausted state court remedies for the habeas corpus claims. *See* 28 U.S.C. § 2254(b)(1); *see also O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction. The issue of subject matter jurisdiction may be raised *sua sponte* by the Court at any time during the course of the proceedings. *See* **McAlester v. United Air Lines, Inc.**, 851 F.2d 1249, 1252 (10th Cir. 1988). "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction." **United States v. Bustillos**, 31 F.3d 931, 933 (10th Cir. 1994).

To the extent that Mr. Manaway is asking the Court to review and reverse decisions entered in his state court criminal proceedings, the Court lacks subject matter jurisdiction. The **Rooker-Feldman** doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The **Rooker-Feldman** doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284

(2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

The *Rooker-Feldman* doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004). "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Id.* at 1148.

Furthermore, the *Rooker-Feldman* doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997). Finally, the *Rooker-Feldman* doctrine bars review not only of final judgments entered by state courts, but also of their interlocutory orders. *See Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 199 (4th Cir. 2000).

As noted above, Mr. Manaway appears to be asking this Court to review and reverse decisions entered in his state court criminal proceedings. Therefore, the Court finds that the action must be dismissed for lack of subject matter jurisdiction pursuant to the ***Rooker-Feldman*** doctrine. ***See Van Sickle v. Holloway***, 791 F.2d 1431, 1436 (10th Cir. 1986). Accordingly, it is

ORDERED that the requirement in the June 27, 2008, order to cure that Plaintiff, Mickey Manaway, file a complaint on the proper, Court-approved form, is waived. It is

FURTHER ORDERED that the documents titled "Writ of Assistance Petition For" (docket number 2), "Re: Exparte/Order for Release" (docket number 3), and "Petition for Motion for Default Judgment Pursuant to Rule 55 C.R.C.P." (docket number 10) are denied. It is

FURTHER ORDERED that the "Request for Clarification of Order and to Amend Complaint to Document Title Exparte, on Summary Proceeding for Declaratory Judgment" (docket number 8) is denied as unnecessary because the Court has waived the requirement in the June 27, 2008, order to cure that Plaintiff file a complaint on the proper, Court-approved form. It is

FURTHER ORDERED that the "Notice to Leave to Amend Pleading on Caption of Proper Name and Challenge of Jurisdiction" (docket number 11) is granted. The caption to this order has been changed to reflect the alias Mr. Manaway contends is his proper name. It is

FURTHER ORDERED that the action is dismissed without prejudice for lack of subject matter jurisdiction.

DATED at Denver, Colorado, this 19 day of Sept, 2008.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 08-cv-013660-BNB

Mickey Manaway
Prisoner No. 135858
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/22/08

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk